# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBROSE VILLAGRANA, | 1:12-cv-01324 MJS HC |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RALPH DIAZ, Warden, | (Doc. 1) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

**I.    DISCUSSION**

**A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the0judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably

incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.    Factual Summary

On August 10, 2012, Petitioner filed the instant petition for writ of habeas corpus challenging the Board of Parole Hearings ("Board") finding that he was unsuitable for parole. (Pet., ECF No. 1.) Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Further, Petitioner asserts that the application of Proposition 9 (Marsy's Law) to give Petitioner a ten (10) year parole denial was in violation of the Ex Post Facto Clause, and that he was denied his constitutional right to effective counsel.

The Court shall review Petitioner's claims in turn.

### C.    Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true even though Petitioner is challenging the Governor's reversals, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1  a second suitability hearing before reversing a parole decision.").

2  Here, Petitioner argues that the Board improperly relied on evidence relating to
3  Petitioner's past criminal history. (Pet. at 5-6.) In so arguing, Petitioner asks this Court to
4  engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not
5  state facts that point to a real possibility of constitutional error or that otherwise would entitle
6  Petitioner to habeas relief because California's "some evidence" requirement is not a
7  substantive federal requirement. Review of the record for "some evidence" to support the
8  denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.
9  The Court concludes that Petitioner's claim concerning the evidence supporting the
10 unsuitability finding should be dismissed.

11 Although Petitioner asserts that his right to due process of law was violated by the
12 Board's decision, Petitioner does not set forth any specific facts concerning his attendance at
13 the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the
14 parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of
15 the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

16 A petition for habeas corpus should not be dismissed without leave to amend unless
17 it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440
18 F.2d at 14. Here, the Court concludes that it would be futile to grant Petitioner leave to amend
19 his first claim, and orders the claim to be dismissed.

20 **D.    Ex Post Facto Claims**

21 Petitioner presents an ex post facto claim, based on Proposition 9, which was
22 approved by California voters in 2008, and amended California Penal Code § 3041.5[2] to defer
23 subsequent parole consideration hearings for longer periods of time. Id. Proposition 9, also
24 known as Marsy's Law, potentially is a retroactive application of a parole statute in violation
25 of the ex post facto clause because the application of that statute results in an increased

26

27  [2]This statute governs parole hearings, rights of prisoners, written statements by the parole board,
rehearings and requests to advance parole hearings. Id. There is no mention of good-time or work-time credits
28  in California Penal Code § 3041.5.

parole deferral period and a longer term of incarceration. See Gilman v. Schwarzenegger, No. 10-15471, 2010 U.S. App. LEXIS 26975 at *4-8, 2010 WL 4925439 (9th Cir. Dec. 6, 2010) (describing the changes to extend the deferral period for subsequent parole hearings from a range of one to five years to a range of three to fifteen years). Based on the potential increased length of parole deferral periods "changes required by Proposition 9 appear to create a significant risk of prolonging [prisoners'] incarceration." Id. at *17 (citation omitted). Despite such appearance, the Ninth Circuit reversed the grant of a preliminary injunction to a class of plaintiffs based on a failure to show a likelihood of success on the merits of such a challenge. Id. at *25. The decision was based on the presumption that Marcy's Law allows for, and that the Board will schedule, advance parole hearings that theoretically could be provided before the three year minimum deferral period. Id. at *17-25. However, the underlying litigation is still pending. See Gilman v. Brown, CIV-S-05-0830 LKK GGH, 2008 U.S. Dist. LEXIS 17949.[3]

Petitioner's claim raises conceptual problems due to the fact that a 42 U.S.C. § 1983 action is pending with respect to the validity of the Marsy's Law provision at issue. As described above, Gilman v. Brown has been certified as a class action. The parameters of the Gilman class, as is made clear in the order certifying the class, likely include Petitioner. (Order, filed on March 4, 2009, in Gilman v. Brown, CIV-S-05-0830)[4] The Gilman class consists of: California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions." 2009 U.S. Dist. LEXIS 21614 at *11.[5] Petitioner is serving a life term with the possibility of parole and is potentially challenging a

---

[3] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of the Gilman v. Brown matter.

[4] See Docket # 182 of Case No. 05-CV-0830.

[5] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

1  parole suitability hearing.

2       A 42 U.S.C. § 1983 action, such as that in Gilman, is the appropriate vehicle for
3  challenging the constitutionality of Marsy's Law as Petitioner seeks to do here. The Supreme
4  Court has found that where prisoners seek the invalidation of state procedures used to deny
5  parole suitability or eligibility, but did not seek an injunction ordering their immediate release
6  from prison, their claims were cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544
7  U.S. 74, 82 (2005). Here, Petitioner challenges the validity of a parole statute or regulation on
8  the basis that its application to him violates the ex post facto clause. Petitioner's ultimate goal
9  is a speedier release from incarceration. However, the immediate relief sought in this claim,
10 and in Gilman, is a speedier opportunity to attempt to convince the Board once again that he
11 should be released. Such a claim is too attenuated from any past finding by the Board for such
12 a claim to sound in habeas. Furthermore, a plaintiff who is a member of a class action for
13 equitable relief from prison conditions may not maintain a separate, individual suit for equitable
14 relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d
15 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)
16 ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison
17 conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,
18 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with
19 the orderly administration of the class action and risk inconsistent adjudications."). If Petitioner
20 seeks relief speedier than that being adjudicated for the other class members, he can raise
21 that issue by requesting to opt out of the class action. McReynolds v. Richards-Cantave, 588
22 F.3d 790, 800 (2nd Cir. 2009).

23      Accordingly, Petitioner's claim with respect to Marsy's Law should be dismissed without
24 prejudice to its resolution in the Gilman class action.[6]

25 ///

26

---

27,28    [6] It is noted that Defendants in Gilman filed a motion to decertify the class on August 7, 2012. See Docket No. 427 of Case No. 05-CV-0830. As the claim is being dismissed without prejudice, Petitioner may be entitled to seek further relief should his rights no longer be adequately represented in Gilman.

### E.    Ineffective Assistance of Counsel at Parole Board Determination

Petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel at his parole hearing. (Pet. at 7.)

Petitioner's claim is without merit. In the first place, there is no clearly established right to counsel at parole suitability hearings. In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court delineated the minimum standards of due process that must be provided parolees during parole revocation hearings. The Court did not consider, however, whether parolees have a right to counsel at those hearings. See id. at 489. Thereafter, in Gagnon v. Scarpelli, 411 U.S. 778 (1973), the Supreme Court discussed whether the state is under a constitutional duty to provide appointed counsel in probation or parole revocation hearings. In so doing, the Supreme Court emphasized the essentially non-adversary nature of the hearings, the non-judicial character of the administrative decision-making body, and the likelihood that the proceedings would be significantly altered by the introduction of counsel. See id. at 788-89. Rather than adopt a per se rule, the Supreme Court adopted a case-by-case approach:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness -- the touchstone of due process -- will require that the State provide at its expense counsel for indigent probationers or parolees.

Id. at 790.

Before Morrissey and Gagnon were decided, the United States Court of Appeal for the Ninth Circuit, in Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972), held that due process does not entitle California state prisoners to counsel at parole hearings. The United States District Court for the Northern District of California has held that Dorado accurately reflects the underlying concerns and objectives expressed by the Supreme Court in Morrissey and Gagnon, and denied the right to counsel on such grounds. See Burgener v. California Adult Authority, 407 F. Supp. 555, 559 (N.D. Cal. 1976); Leque v. Brown, 2007 U.S. Dist. LEXIS

1  89980 (N.D. Cal. 2007); Taylor v. Ayers, 2009 U.S. Dist. LEXIS 57753 (N.D. Cal 2009); Troxell
2  v. Horel, 2009 U.S. Dist. LEXIS 122257 (N.D. Cal. 2009). This Court agrees and concludes
3  there is no clearly established right to counsel at parole suitability hearings. Petitioner was not
4  constitutionally entitled to any attorney at his parole hearings. Accordingly, this claim must be
5  dismissed.

6  The Court concludes that it would be futile to grant Petitioner leave to amend and
7  orders that the claim be dismissed.

## II.     CONCLUSION

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1. Further, Petitioner's other claims regarding the hearing are either without merit or not properly presented before this court.

The Court concludes that it would be futile to grant Petitioner leave to amend and that the Petition be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the

U.S. District Court
E. D. California                                            -8-

validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(a) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED[7];

---

[7] Petitioner's claim regarding the Ex Post Facto clause is dismissed without prejudice.

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: September 19, 2012         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE